FILED \_\_\_ RECEIVED
\_\_\_ ENTERED \_\_\_ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 0 2 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVE MICHAEL COX,

    Plaintiff,

v.

GLEN WHORTON, *et al.*,

    Defendants.

3:08-cv-00110-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

August 2, 2011

    This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are plaintiff's unopposed motions for temporary restraining order and preliminary injunction for ambulatory assistance (#'s 124 & 125).[1] Plaintiff filed these motions on the same day the District Court entered judgment against him (#123) and prior to filing an appeal with the Ninth Circuit (#126). The court has thoroughly reviewed the record and recommends that plaintiff's motions (#'s 124 & 125) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Steve Michael Cox ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#124). On March 3, 2008, plaintiff filed his first amended complaint in this matter pursuant to 42 U.S.C. § 1983, alleging that prison officials deprived him of his property, retaliated against him, and were deliberately indifferent to his medical needs in violation of the First, Eighth, and Fourteenth Amendments (#1). On March 21, 2011, the District Court adopted the Magistrate Judge's Report and Recommendation (#117), granting summary judgment to defendants (#122). Judgment was entered on the same day (#123). Also on the same day, plaintiff filed the instant motions seeking a temporary restraining order and preliminary injunction for ambulatory aids (#'s 124 & 125).

---

[1] Refers to the court's docket numbers.

1  Defendants did not oppose these motions. Plaintiff appealed judgment in the case to the Ninth
2  Circuit on March 28, 2011 (#126). The Ninth Circuit rejected plaintiff's application for *in forma*
3  *pauperis* status and on July 7, 2011, granted him twenty-one days to pay the filing fee for his case
4  or face dismissal (#133). To date, the clerk of courts has not docketed any further filings for this
5  matter.

## II. DISCUSSION & ANALYSIS

### A.  Discussion

#### 1.  Jurisdiction

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Civil Procedure 62.1 offers district courts several options for action when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1. Under Rule 62.1(a), a district court may defer consideration of or deny the motion, or it may indicate that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.* at 62.1(a). Rule 62.1 operates in conjunction with Federal Rule of Appellate Procedure 12.1, which provides that if the district court, pursuant to Rule 62.1(a)(3), states that it would either grant the motion on remand or that the motion raises a substantial issue, the movant must notify the circuit clerk. Fed. R. App. P. 12.1.

Rule 62.1 does not apply to the six motions identified in Federal Rule of Appellate Procedure 4(a)(4)(A) for which the appellate process is halted to allow the district court time to rule on the motion, as the district court is not divested of jurisdiction in these cases. Fed. R. App. P. 4(a)(4)(A). These motions include motions for judgment under Rule 50(b), motions to amend or make new factual findings under Rule 52, motions for attorney's fees under Rule 54, motions to alter or amend judgment under Rule 59, motions for a new trial under Rule 59, and motions for relief under Rule 60. *Id.*

///

### B.  Analysis

Here, the District Court entered judgment on the same day as plaintiff's motions for temporary restraining order and preliminary injunction for ambulatory assistance were docketed. Since plaintiff is an inmate, it is likely that he mailed his motions a few days prior to the clerk entering judgment in the case; therefore, he was mostly likely unaware at the time that his case was closed. Plaintiff filed an appeal with the Ninth Circuit Court of Appeals seven days later.

Plaintiff's motion for ambulatory aids concerns one of the issues on appeal in his case - his medical needs. Further, the motion does not fall within one of the Federal Rule of Appellate Procedure 4(a)(4)(A) excepted motion categories. Therefore, the District Court does not have jurisdiction to hear plaintiff's motion at this time. If the court considers plaintiff's motions to be timely, under Rule 62.1 it is permitted to defer ruling on or deny the motion, issue an indicative ruling stating that it would grant the motion if this issue is remanded by the Ninth Circuit, or the court may simply state that plaintiff's motion raises a substantial issue. Plaintiff did not request that the court issue an indicative ruling pursuant to Rule 62.1(a)(3) or the related Federal Rule of Appellate Procedure 12.1, nor would the court likely find that this motion raises a substantial issue given the history and disposition of this case. Rather, the court elects to deny plaintiff's motion without prejudice. Upon the conclusion of the appeals process, parties may reassess their positions and determine how to proceed.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motions for TRO/preliminary injunction for ambulatory assistance (#'s 124 & 125) be DENIED WITHOUT PREJUDICE, as an appeal is pending and the District Court does not have jurisdiction to entertain this motion. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motions for TRO/preliminary injunction for ambulatory assistance (#'s 124 & 125) be **DENIED WITHOUT PREJUDICE**.

DATED: August 2, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE